**GREENBERG TRAURIG, LLP**
KARIN L. BOHMHOLDT (SBN 234929)
BohmholdtK@gtlaw.com
1840 Century Park East, Suite 1900
Los Angeles, California 90067
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Defendant JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTARCTICA SERVICE, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., a National Bank; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 2:21-cv-8199<br><br>**NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.**<br><br>**[28 U.S.C. §§ 1332, 1441 and 1446]**<br><br>Action Filed:     September 14, 2021<br>Action Removed: October 15, 2021 |

**NOTICE OF REMOVAL OF DEFENDANT JPMORGAN CHASE BANK, N.A.:**

PLEASE TAKE NOTICE that Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase") hereby removes the above-captioned action, *Antarctica Service, Inc. v. JPMorgan Chase Bank, et al.,* Case No. 21STCV33807 (the "State Court Action"), from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. Chase denies the allegations and relief sought by Plaintiff, and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor.

Chase will provide evidence to support the allegations of this pleading as required in the event a challenge is raised to the Court's jurisdiction.[1]

## RELEVANT PROCEDURAL HISTORY

1. On September 14, 2021, Plaintiff Antarctica Service, Inc. ("Plaintiff") filed its initial Complaint in the State Court Action.

2. The Complaint names Chase and Does 1 through 50 as Defendants. Plaintiff alleges that it wired the sum of $135,150.88 to a Chase bank account ending in x2777 on September 7, 2021, pursuant to fraudulent wire instructions sent in a spoofed e-mail. (Ex. 1, Compl. ¶¶ 9-10.) Plaintiff seeks damages from Doe Defendants in an amount not less than $135,150.88 and declaratory relief as to the ownership of the $135,150.88. (*Id.* ¶ 13.)

3. Pursuant to 28 U.S.C. § 1446(a), attached to this Notice are true copies of all process, pleadings, and orders served upon Chase in the State Court Action. For the Court's ease of reference, these documents consist respectively of: Plaintiff's Summons and Complaint (Exhibit 1) and the remainder of the state court file (Exhibit 2).

4. The defendants designated as DOES 1 through 50 are fictitious defendants, are not parties to the action, have not been named or served, and are properly disregarded for the purpose of this removal. 28 U.S.C. § 1441(a); *McCabe v. Gen. Foods, Inc.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.' Moreover, we have observed that 'it is clearly appropriate for the district courts, in their discretion, to accept certain post-removal [evidence] as determinative of the [jurisdictional requirements].'"); *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010) ("When challenged on allegations of jurisdictional facts, the parties [who assert jurisdiction] must support their allegations by competent proof.").

## SERVICE ON THE STATE COURT

5. As required by 28 U.S.C. § 1446(d), Chase will promptly file with the Clerk of the Los Angeles Superior Court and serve on all parties a copy of this Notice of Removal.

## VENUE

6. The State Court Action was filed in the Superior Court of the State of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a).

## TIMELINESS

7. Plaintiff served Chase with the Complaint in the State Court Action on September 15, 2021. Pursuant to 28 U.S.C. § 1446(b), Chase files this Notice of Removal within 30 days of the service of the Complaint and within one year of commencement of the action. This removal is therefore timely.

## DIVERSITY JURISDICTION EXISTS BETWEEN THE PARTIES

8. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332(a)(2). Both requirements are satisfied here because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Plaintiff and Defendant.

**A.    COMPLETE DIVERSITY EXISTS AMONGST THE PARTIES**

9. The parties to this action are citizens of different states, and were at the time the State Court Action was filed.

10. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business

to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010). A corporation's principal place of business will typically be where the corporation maintains its headquarters. *Id*. at 81.

11. Plaintiff is a California corporation headquartered in Monterey Park, California and is therefore a citizen of California for the purposes of diversity.

12. A national banking association is a citizen only "of the State in which its main office, as set forth in the articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006); *see also Rouse v. Wachovia Mortg.*, 747 F.3d 707, 715 (9th Cir. 2014) ("[A] national bank is 'located' only in the state designated as its main office.").

13. Chase is a national banking association with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio for the purposes of diversity.

14. Doe defendants are disregarded when determining diversity jurisdiction for removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded"); *see Aguilar v. McKesson Corp.*, No. 1:16-CV-00308-LJO-SKO, 2016 U.S. Dist. LEXIS 61342, at *5-6 (E.D. Cal. May 6, 2016) ("the citizenship of the unidentified Doe defendants is immaterial for determining diversity jurisdiction.").

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

15. Chase in no way concedes it has any liability to Plaintiff. However, the amount in controversy "is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corporation*, 536 F. Supp. 2d 1199*,* 1205 (E.D. Cal. 2008) (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)). When measuring the amount in controversy, "a court must 'assume that the allegations of the complaint are true and

assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). Further, defenses that a defendant may assert are not considered in assessing the amount placed in controversy. *See Lara v. Trimac Transp. Servs. (W.) Inc.*, CV 10-4280-GHK JCX, 2010 WL 3119366, at *3 (C.D. Cal. Aug. 6, 2010) ("affirmative defenses, counterclaims, and potential offsets may not be invoked to demonstrate the amount-in-controversy is actually less than the jurisdictional minimum.").

16. Plaintiff alleges it has been harmed in an amount "not less than $135,150.88." (Ex. 1, Compl. ¶ 17.) Plaintiff seeks from the Doe Defendants compensatory damages, punitive damages, prejudgment interest, costs of suit, attorney's fees, and injunctive relief. (*Id*., Prayer for Relief.) Plaintiff's claims for attorney's fees and for punitive damages are properly included in the amount in controversy calculation. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). Plaintiff also seeks a declaration with regard to the ownership of the $135,150.88, which is also the amount in controversy. *See Horton v. Liberty Mut. Ins. Co.*, 367 US 348, 353-354 (1961).

17. Thus, the amount Plaintiff has placed in controversy exceeds the $75,000 threshold.

## NO ADMISSION

18. By this filing, Chase does not admit any liability, does not concede the accuracy of Plaintiff's allegations, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint, or any relief of any kind.

## CONCLUSION

19. For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, and 1441(a). Wherefore, the State Court Action is hereby removed to this Court from the Superior Court of the State of California, County of Los Angeles.

Respectfully submitted,

Dated: October 15, 2021

GREENBERG TRAURIG, LLP

By:    */s/ Karin L. Bohmholdt*
      Karin L. Bohmholdt
Attorneys for Defendant JPMorgan Chase Bank, N.A.

ACTIVE 60723122v1